UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Gloria D. Trevino | § | |
| | § | |
| | § | |
| Plaintiff | § | **B-04- 128** |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| Su Clinica Familiar A/K/A Su Clinica | § | |
| Familiar Medical Foundation, and | § | |
| Maria Juana Pena | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

## NOTICE OF REMOVAL TO
## U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

The Department of Health and Humans Services, by and through the undersigned Assistant

United States Attorney, pursuant to 28 U.S.C. §1441, respectfully represents the following:

1.      Su Clinica Familiar and Maria Juana Pena are named as  defendants in Gloria

Trevino v. Su Clinica Familiar A/K/A Su Clinica FamiliarMedical Foundation, and Maria Juana

pena in the County Court at Law No. 3, Cameron County, Texas.  The case was filed on or about

December 18, 2003, and the case has not come to trial.  Attached to this Notice as Composite

Exhibit "A" are copies of those documents required by Local Rule 81, which governs removal.

2.      This action is one which may be removed to this Court pursuant to 28 U.S.C.

§2679(d)(2) because the named defendants, Su Clinica Familiar and Maria Juana Pena, an

employee of a public health entity, Su Clinica Familiar,  the public health clinic , are deemed

covered by the Federal Tort Claims Act by the Department of Health and Human Services, and
Maria Juana Pena was acting within the scope of her employment.

    3.    In light of the foregoing, Defendants respectfully submit that this action should be
removed from Cameron County Court of Law No. 3 to the this Honorable Court.

    4.    Written notice of the filing of the Notice of Removal has been served on all parties
in this lawsuit and a copy of the Notice of Removal has been filed with the Clerk of the County
Court of Cameron County, Texas.  A copy of Notice to State Court of Filing of Notice of Removal
is attached to this pleading and marked as Exhibit "B."

    **WHEREFORE**, the undersigned respectfully requests that this matter be removed from
the Cameron County Court of Law No. 3 to this Honorable Court.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

By: _____

JOHN A. SMITH III
Assistant United States Attorney
Texas Bar Number: 18627450
Federal ID No. 8638
Attorney in Charge for Defendants
800 N. Shoreline Blvd., Suite 500
Corpus Christi, TX 78401
Phone: (361) 888-3111
Fax: (361) 888-3200

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION



| | | |
|---|---|---|
| **Gloria D. Trevino** | § | |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| **Su Clinica Familiar A/K/A Su Clinica** | § | |
| **Familiar Medical Foundation, and** | § | |
| **Maria Juana Pena** | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

## INDEX OF MATTERS FILED

1.   Notice of Removal

2.   Notice to State Court of Filing of Notice of Removal

3.   Plaintiff's Original Petition

4.   State Court Docket Sheet

5.   Civil Citation for Su Clinica Familiar, and Maria Juana Pena.

CAUSE NO. 2003-CCL-1482-C

| | | |
|---|---|---|
| GLORIA D. TREVINO | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NO. |
| | § | |
| SU CLINICA FAMILIAR A/K/A | § | |
| SU CLINICA FAMILIAR MEDICAL | § | |
| FOUNDATION, AND | § | |
| MARIA JUANA PENA | § | CAMERON COUNTY, TEXAS |

FILED FOR RECORD
AT _____ O'CLOCK _____ M

DEC 18 2003

JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES GLORIA D. TREVINO, hereinafter referred to as Plaintiff, complaining of SU CLINICA FAMILIAR A/K/A SU CLINICA FAMILIAR MEDICAL FOUNDATION, AND MARIA JUANA PENA, hereinafter referred to as Defendants, and represents to the Court the following:

I.

### PARTIES

Plaintiff, Gloria D. Trevino is an individual residing in Cameron County, Texas.

Defendant SU CLINICA FAMILIAR A/K/A SU CLINICA FAMLIAR MEDICAL FOUNDATION, (hereinafter referred to as "Su Clinica"), is a company doing business in the state of Texas and may be served with process by serving its Registered Agent, Elena Marin, 4501 South Expressway 83, Harlingen, Texas 78550.

 2003-CCL-1482C

Defendant Maria Juana Pena, L.V.N., is an individual who resides in Texas and may be served with process at Francisco G. Gonzalez, 1314 Ed Carey Drive, Harlingen, Texas 78550.

Discovery in this case should be proceeding under Level 3.

II.

Plaintiff has fully complied with the notice provisions of the Texas Medical Liability and Insurance Improvement Act.

III.

**JURISDICTION AND VENUE**

The amount of damages being sought by the Plaintiff in each of the causes of action herein alleged is within the jurisdictional limits of the Court; therefore, the Court has jurisdiction.

All of the conduct of the Defendants, their agents, representatives, and employees made the basis of this lawsuit occurred in Cameron County, Texas; therefore, venue lies in Cameron County, Texas.

IV.

**FACTS**

On or about December 18, 2001, GLORIA D. TREVINO, a patient of Su Clinica Familiar and the Women's Health Center in Harlingen, Texas, suffered a painful intramuscular injection injury when injected with Depo-Provera contraceptive by nurse Maria Juana Pena. This injury has required several surgical

procedures to remove pockets of dead tissue and infection originating from or about the December 18, 2001, injection site.

Gloria D. Trevino alerted her healthcare provider immediately regarding the abnormally and unusually painful injection site.  Ms. Trevino continued to report this complaint on subsequent clinic encounters.  Due to the negligence of the improperly administered injection, Ms. Trevino has suffered with pain and tissue inflammation, tissue death and neurological symptom involvement of her right lower extremity.

In addition to interfering with activities of daily living, this avoidable injury has placed a burden on her private health insurance, caused loss of wages due to repeated surgical intervention and an extended recovery time.  If the Nursing Administration of Su Clinical Familiar had properly screened, trained and supervised their nursing staff, this unnecessary injury suffered by Ms. Trevino could have easily been avoided.

V.

**NEGLIGENCE OF MARIA JUANA PENA, L.V.N.**

Defendant **MARIA JUANA PENA, L.V.N.,** was negligent and grossly negligent in the treatment of **GLORIA D. TREVINO** in the following respects:

1.  Negligently failed to choose the appropriate injection site for administering an intramuscular injection.

2.  Negligently failed to select the proper needle for the type of injectable medication.

3.   Negligently failed to correctly administer an injectable medication according to manufacturer direction specifying deep intramuscular injection.

VI.

## NEGLIGENCE OF SU CLINICA FAMILIAR MEDICAL FOUNDATION

Defendant **SU CLINICA FAMILIAR MEDICAL FOUNDATION** by and through its employees, agents, nurses, and physician assistants was negligent in the treatment of **GLORIA D. TREVINO** in the following respects:

1.   Negligently failed to supervise and provide adequate training on basic injectable medication administration guidelines; specifically, related to commonly encountered injectable contraceptive medications found in the gynecological patient setting.

As a direct and proximate result of the negligence of the Defendants, as set forth above and as incorporated herein by reference, **GLORIA D. TREVINO,** suffered injuries and damages in the form of pain and suffering, mental anguish, medical expenses, and exemplary damages.   Plaintiff hereby seeks damages in excess of the minimum jurisdictional limits of the Court.

VIII.

The law entitles Plaintiff GLORIA D. TREVINO to recover the following damages she suffered as a proximate result of Defendants' negligence:

a.   The reasonable cost for necessary medical treatment and health care she has received in the past for treatment of her injuries;

b.   The reasonable cost for necessary medical treatment and health care which she will in reasonable probability need in the future for the treatment of her injuries;

c.   The physical pain and mental anguish that she has suffered in the past up to the time of trial;

d.   The physical pain and mental anguish that she will in reasonable probability suffer in the future as a result of her injuries;

e.   The physical impairment and loss of physical capacity to perform the activities of life other than wage earning, which she has suffered in the past up to the time of the trial in this case; and,

f.   The physical impairment and loss of physical capacity to perform the activities of life other than wage earning, which she will in reasonable probability suffer in the future;

g.   The earning capacity that she has lost in the past; and

h.   The wage earning capacity that she will in reasonable probability lose in the future as a result of his injuries.

The amounts of such damages are as yet undetermined but far exceed the minimum jurisdictional limits of this court.

IX.

Plaintiff is entitled to and claims pre-judgment and post-judgment interest pursuant to law.

X.

Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants jointly and severally in a sum in excess of the minimum jurisdictional limits of this Court, together with the cost of this action, pre-judgment interest at the legal rate, post-judgment interest, and for such other and further relief in law and in equity, as the Court may deem proper.

Respectfully submitted,

**THE LAW OFFICE OF RICARDO A. GARCIA**

BY: _____

      RICARDO A. GARCIA
      State Bar No. 07643200
      AIZAR J. KARAM, JR.
      State Bar No. 00796860
      820 South Main
      McAllen, Texas  78501
      (956) 630-2882 - Telephone
      (956) 630-5393 - Facsimile

FILED FOR RECORD
AT 10:30 O'CLOCK &M

MAR 19 2004

JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

Date:        March 18, 2004

To:          Ricardo A. Garcia, Attorney at Law
             Law Office of Ricardo A. Garcia
             820 South Main Street
             McAllen, TX 78501

From:        Margaret Molina, R.N.

Re:          Gloria Trevino vs. Su Clinica Familiar Medical Clinic Et al
             Nursing expert report and curriculum vitae

As per your request, I have reviewed the following list of medical records from:

Su Clinica Familiar Clinic              Valley Baptist Medical Center
Dr. Gail Downey                         Dr. V.A. Benavides
Dr. Giavonni Ghafoori                   Color pictures of the wound
Medical record chronology

I am familiar with the standards for providing reasonable and prudent nursing care in the state of Texas Nursing Practice Act's Standards of Professional Nursing Practice. This act sets forth the rules and regulations established by the Board of Nurse Examiners for the State of Texas to regulate nursing educations and the practice of professional nursing in the state.

I am also familiar with the Texas Board of Vocational Nurse Examiner's General Statement in which Texas does not have a practice act for vocational nurses. The law that governs vocational nursing in Texas (Occupational Code, Chapter 302) is a title act; therefore, specific nursing interventions and clinical skills relative to licensed vocational nurses (LVNs) are not delineated. However, patient care responsibilities of vocational nurses should be within the parameters of their education preparation and their demonstrated abilities. Furthermore, the General Statement on the Scope of Vocational Nurse Practice indicates LVNs and health care employers have a joint responsibility to assure that LVNs practice within the scope of their educational bases and demonstrated abilities. LVNs shall accept patient care assignments with due regard for the safety of the patients and sound health care practices. {BVNE/Scope (General Statement) Rev. 01/28/92}

I hereby submit my preliminary nursing opinion regarding the care provided to Ms. Gloria D. Trevino while a patient at Su Clinica Familiar Medical Clinic in Harlingen, Texas on December 18, 2001. I reserve the right to amend this report should any further information be discovered that would cause me to amend my opinions.

Expert Nursing Report, Margaret Molina re: Trevino v. SCF etal                    Page 2, March 18, 2004

## Specific reference to defendant(s)

Ms. Gloria D. Trevino, a long term employee of Su Clinic Familiar's Administration Department, was a 40-year-old Hispanic female who had received the contraceptive injection called Depo Provera since August of 1996 without any adverse reactions or side effects; yet she suffered a right buttock abscess after an intramuscular injection of Depo Provera was administered by Janie Pena, LVN, during a routine patient care visit on December 18, 2001, under the supervision and instruction of M. Smith, RN/CNM of at Su Clinica Familiar Medical Clinic in Harlingen, Texas.

## Specific conduct and applicable standards of care the plaintiffs have called into question

Ms. Trevino's complaints of site discomfort are documented in her medical record. Also documented are referrals for diagnostic testing and consultations to surgeons, neurologists and plastic surgeons for the diagnosis of right buttock mass. Based upon the review of the documents, I have formulated an opinion that Mrs. Trevino received the Depo Provera injection on December 18, 2001 and on February 8, 2002, the injection site was still painful. On June 13, 2002, the patient was to receive another Depo Provera injection and is still complaining of the discomfort, unable to sit due to the enlarged 4 cm diameter area. The records show that the administration of Depo Provera caused Ms. Trevino severe pain, impaired range of motion of her lower extremities, emotional stress, depression and had a taxing effort to perform her activities of daily living and personal cares. A Depo Provera injection administered properly should not have caused such complications.

The desired outcome would be the administration of an injection without any complications, medication working in the prescribed manner, injection site should not bleed, injection site should not have a lot of pain (which can be measured with the pain scale 1-10 since each person has a different pain level tolerance), the injection site must not have swelling and the patient must not have fever.

## Manner in which the care rendered by the health care provider failed to meet the applicable standards of nursing care

 M. Smith, RN, CNM and Su Clinica Familiar Medical Clinic were negligent of unprofessional conduct in the following acts or omissions:

-       failing to adequately assess and evaluate the implementation of delegated nursing procedures or practices by a supervising licensed registered nurse, advanced practice nurse or physician and causing or permitting physical harm or injury to the patient/client;

- abandoning patients/clients by terminating responsibility for nursing care, intervention, or observation without properly notifying another licensed medical professional and ensuring the safety of patients/clients;

- failing to conform to the minimal standards of acceptable prevailing practice, regardless of whether or not actual injury to any person was sustained, including but not limited to assigning nursing care functions or responsibilities to an individual lacking the ability or knowledge to perform the function or responsibilities in question.


Janie Pena, LVN was negligent of unprofessional conduct in the following acts or omissions:

- administered medications and treatments in a negligent manner;

- failing to accurately or intelligibly report and/or document a patient's/client's status including signs, symptoms or responses and the nursing care delivered;

- knowingly failing to adhere to universal precautions for infection control as defined in subsection 239.1 of this title (relating to definitions) of the Board of Vocational Nurse Examiners Rules and Regulations;

- failing to conform to the minimal standards of acceptable prevailing practice, regardless of whether or not actual injury to any person was sustained, including but not limited to performing or attempting to perform nursing techniques or procedures or both in which the nurse is untrained by education or experience.


Basis for the trial court to conclude that the plaintiff claims have merit

Ms. Gloria Trevino's medical records indicate she had been a patient at Su Clinica Familiar Medical Clinic (SCFMC) from 1982 through 2003.  SCFMC medical records document her first Depo Provera contraceptive injection on or around August of 1996. No patient reports or provider reports are documented regarding any medication adverse reactions, side effects or warning signals.

Additional pertinent medical history first documents right leg radiculopathy in August of 1997 and chronic low back pain with degenerative disc tear at L5, S1 area for the past 7-8 years.  In November 2001, she was seen for complaints of low back pain for the past 2-3 months worsening lately, an inability to sit because of the back pain and pain shooting down to the right leg.  Following her medical care from Su Clinica Familiar

Medical Clinic, Health Success Rehab Center in Harlingen, TX, the discharge self-evaluation form after completion of her therapy states "I can sit for long periods of time and have slept through the night".  Other medical history of Peptic ulcer disease, Irritable bowel and lactose intolerance are noted with various medications documented including Nexium, along with an allergy to Axid.

It will be of note to the medical diagnostician that laboratory testing on or about this time documents an elevation of liver enzymes (which are a known contraindication for Depo Provera) beginning in April of 2002.  Also, during a February 12, 1999 appointment, Dr. Nora O. Garza, a Su Clinica Familiar medical provider notes her advisement to Ms. Trevino to discontinue Depo Provera and use an alternative form of birth control.

During the clinic appointment on December 18, 2001, the patient received "Depo Provera 150 mg IM lot # IB1023 - exp 01/2003 given IM (intramuscularly) to rt (right) gluteal IM (intramuscular) using aseptic tech; pt voiced no complaints after injection Jamie Pena, LVN."

February 8, 2002 documents patient complains about the injection site that has been sore since 12-18-2001.  M. Smith RN, CNM documents "on buttock R - no redness, no hardness, no firmness noted".  In June 2002, the documentation indicates the right gluteus maximus area has an approximately 4 cm in diameter, tender to touch.  In September 5, 2002, the patient is still complaining of pain in "Left" (charting error) buttock, therapy ended and patient considering surgery.  The "Right" buttock mass changed shape is now 3 1/2 - 4 cm in width, 8 cm in length.  In November 15, 2002, M. Smith RN/CNM observed "right hip 2 1/2 - 3 dia(meter) size circular area pink-fever to touch, rule out abscess eruption."

A June 27, 2002 ultrasound final report states "Ill-defined lobulated complex solid and cystic lesion in the right buttock as described.  This is a nonspecific ultrasonographic finding.  The differential diagnosis includes hematoma, abscess, sebaceous cyst, other cystic complex lesions or mass lesions.  Consider fine needle aspiration as clinically appropriate."

Referral is made to plastic surgery for a consultation, Dr. Giovanna Ghafoori "I suspect that this mass is secondary to hematoma and/or fat necrosis following an injection. While the "lesion" may have enlarged, it is more likely that it has become more defined as surrounding edema has subsided and may still have bouts of local inflammation."

December 6, 2002, surgery is performed at Valley Baptist Medical Center by Dr. V.A. Benavides for "injection necrosis".  Post surgery in February 2003, patient complains of a worsening of the pain after the surgery and numbness that radiates down the right leg.

A positive culture for Staph aureus is treated with appropriate antibiotic therapy. In February 20, 2003, Dr. Gale Downey starts the patient on Neurontin. By May 2003, patient undergoes another debridement surgery by Dr. V.A. Benavides at Valley Baptist Medical Center.

December 24, 2003, Dr. V.A. Benavides written statement of "diagnosis: fat necrosis secondary to injection with chronic infection/fistula formation. Treatment: status post 2 surgeries to debride, still with chronic drainage. Will need another surgery, possibly more to resolve process.

Causal relationship between the failure of Janie Pena, LVN to adhere to the nursing standards of care and the injuries, harm or damages claimed by the plaintiff

The record of December 18, 2001 made by Janie Pena, LVN did not indicate the procedure used to administer the medication. All Health Care facilities have Policy and Procedures it must follow in the delivery of its care. All Health Care facilities should have a Quality Assurance and Risk Program in place and monitoring for such patient outcomes as described here. Each facility must have a policy and procedure for each procedure they perform. Each health care professional must be checked out in the performance of these procedures to establish their competency during their orientation period and periodically in the evaluation of their clinical performance. It is the duty of the Registered Nurse to report any competency concerns to the Charge Nurse or Director of Nursing. The Licensed Vocational Nurse reports to the Charge Nurse or Director of Nursing.

On December 18, 2001, the medical record shows the patient was seen at Su Clinica Familiar for administration of Depo Provera 150 mg Intramuscular in the right gluteal area. Depo Provera is prepared in a 1 ml (1 cc) vial or in a pre-filled 1 ml (1 cc) vial. The prefilled syringes come packaged already with a 22-gauge needle, 1/1/2 inches in length, Safety Guide Needle attached. The injections are given using aseptic technique with sterile supplies into the deep intramuscular gluteal or deltoid muscles. Intramuscular injections are a common component of clinical practice that involves a simple procedure, which is performed in many clinics by health professionals who have been trained in theory and injection techniques. An intramuscular (IM) injection is a shot where the needle goes into the muscle layer under the skin in order to deliver medicine. Parts of the body involved are the upper arms, top of the thigh and buttocks. Intramuscular medications are given in the muscles because they need to be absorbed gradually over time. Such medications are certain antibiotics and contraceptive hormones such as Depo Provera.

Based on tissue structure, pain is associated with the needle puncture, penetration of the needle through the skin and muscle and the type of medication given. Medications can be given subcutaneous (SQ), intramuscular (IM) and Intravenous (IV). All medications must be given using aseptic technique that includes the following: hand washing, wearing non-sterile gloves, alcohol preptics or betadine preptic (if not allergic to iodine), for cleaning the area (about 2 inches) and appropriate needle selection (21 to 22 gauge with a 1 1/2 inch needle). The gauge and length must be appropriate for the type of mediation being administered.

Some of the precautions health care professionals must follow in administering an intramuscular injection:

- the injection medication is at room temperature;
- remove all air bubbles from the syringe;
- clean with alcohol and wait for area to dry;
- keep muscles of the injection area relaxed;
- break through skin quickly;
- do not change the direction of the needle as it goes in or comes out;
- use appropriate size needle gauge;
- do not reuse disposable needles;
- if blood is in the solution when drawing back on the syringe, do not inject-start again.

Summary

The negligent failure of Janie Pena, LVN to appropriately administer the Depo Provera according to the manufacturers instructions for a deep intramuscular injection in the gluteal or deltoid muscle, is the sole and direct cause of Ms. Gloria Trevino's right buttock complication, which has resulted in two previous surgeries.

The negligent failure of M. Smith, RN/CNM and Su Clinica Familiar to supervise and monitor the health care workers in their facility and failure to supervise and monitor the health care workers adherence of the facilities policies and procedures; contributed to the occurrence of this preventable injury.

Thank you for allowing me to review Ms. Trevino's case. I reserve the right to amend this opinion should additional information be forthcoming.


Margaret Molina, RN

**Margaret Molina, RN**
5305 North Inspiration
Mission, TX 78572
(956) 583-1594; (956) 631-7202

**Curriculum Vitae**

## Education

| | |
|---|---|
| 1960 | Graduated from McAllen High School |
| 1960-1961 | Attended Pan American College, Edinburg Texas |
| 1962-1965 | Robert B. Green School of Nursing, San Antonio College, San Antonio, Texas Trinity University:  San Antonio Texas. |
| 1965-1976 | Texas A & M; Texas Teacher Certificate for Vocational Education, Weslaco Texas A & M Extension Center.<br>La Salla University:  2 quarters on Health Care Management |

## Work Experience

**2003-2004**    <u>Director of Nursing</u>, Taylor Home Health

Assisted agency to pass state survey without deficiencies by preparing, developing and improving existing policies and procedures; performed and documented Quality Improvement processes according to facility guidelines; certified, re-certified and discharged patients according to Medicare and Medicaid guidelines; performed supervisory visits on Licensed Vocational Nurses and Care Assistants.

**2002-2003**    <u>Contract Nurse</u> for Arise Home Health and Taylor Home Health

Performed patient visits, assessments and treatments while coordinating the continuum of care between outpatient services, the physician and home health agency.

**2001-2002**    <u>Director of Nursing</u>, Calidad Home Health

Prepared policies & procedures under Medicare and Medicaid guidelines; certified, re-certified and discharged patients according to Medicare and Medicaid guidelines; interviewed prospective Nurse candidates; performed and documented Quality Improvement processes according to facility guidelines; prepared Nursing In-services; and performed supervisory visits on Licensed Vocational Nurses and Care Assistants.

Curriculum Vitae, page 2                                                                    Margaret Molina, RN

| | |
|---|---|
| 1995-2003 | **Case Manager** from 2001 to 2003, Mission Hospital |

Admission criteria chart auditing, directed clinical nursing team and collaborated to ensure appropriate planning and preparation of discharge-related care services, DRGs (diagnosis related guides) chart review, Liaison for admission approval and ongoing clinical updates with insurance carriers, delegated hospital representative for Medicare and Medicaid auditors.  Prior to 2001 acted as Relief House Supervisor, Charge Nurse for the following Units:  Medical/Surgical, Surgical, Telemetry, Relief Cardiovascular Stress Lab and Ambulatory Surgery.  Staff nurse in the Post-Anesthesia Care Unit.

1995-1998      **Clinical Instructor**, Valley Grande Licensed Vocational Nurse School.

1993-1995      **Relief House Supervisor**, Rio Grande Regional Hospital

Nurse Manager of Neurology/Orthopedic Unit and Staff Nurse in the Post-Anesthesia Care Unit.

1975-1998      **Health Occupation Instructor**, McAllen Independent School District

1973-1975      **Director**, McAllen Methodist Hemodialysis Center

Rio Grande Valley hemodialysis center directed by Dr. Ricardo DelVillar.

1970-1973      **Public Health Nurse**, Hidalgo County Public Health Department.

1965-1969      **Staff Nurse**

Robert B. Green Hospital, San Antonio, Texas; Tex Flow Memorial, Denton, Texas and Spohn Hospital, Corpus Christi, Texas.

## Associations

1975-1990      President, American Cancer Society & Sponsor for your against Cancer;
President of Rio Grande Kidney Club;
President of McAllen High School Orchestra Booster Club;
Board Member of Good Samaritan Nursing Home, McAllen, Texas.

2001-2003      Member of Mission Hospital recruitment and retention committee;
Sponsor of youth group for Igelsia Cristina, McAllen, Texas--which also sponsor two missions in Saltillo, Mexico "El Tunal" and "Jame".

## Accomplishments

- Selected by Texas Commissioner of Education to write Health Occupation Curriculum;
- Set up first Hemodialysis center in McAllen, Texas--first in Rio Grande Valley and
- Clinician for the First REH Unit at McAllen Medical Center

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **Gloria D. Trevino** | § | |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| **Su Clinica Familiar A/K/A Su Clinica** | § | |
| **Familiar Medical Foundation, and** | § | |
| **Maria Juana Pena** | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

## LIST OF COUNSEL OF RECORD

1.    John A. Smith III
       Assistant United States Attorney
       Texas Bar Number: 18627450
       Federal ID No. 8638
       800 N. Shoreline Blvd., Suite 500
       Corpus Christi, TX 78401
       Phone: (361) 888-3111
       Fax: (361) 888-3200
       **Attorney in Charge for Defendants Su Clinica Familiar**
       **and Maria Juana Pena**

2.    Ricardo Garcia
       820 South Main
       McAllen, TX. 78501
       Phone: 956-630-2882
       Fax: 956-630-5393
       **Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I, John A. Smith III, do hereby certify that a true and correct copy of the foregoing pleading was sent via first class mail, on the 23rd day of July, 2004, to the following:

Ricardo Garcia
820 South Main
McAllen, TX. 78501
**Attorney for Plaintiff**

_____
JOHN A. SMITH III
ASSISTANT UNITED STATES ATTORNEY

Citation for Personal Service — GENERAL

No. 2003-CCL-01482-C

**T H E   S T A T E   O F   T E X A S**

FILED FOR RECORD
AT _____ O'CLOCK _ M

MAR 19 2004

_____ COUNTY CLERK
By_____ Deputy

NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: MARIA JUANA PENA
MAY BE SERVED AT:FRANCISCO G. GONZALEZ
1314 ED CAREY DRIVE
HARLINGEN, TEXAS 78550

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the Plaintiff's
ORIGINAL PETITION

at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court At Law No. 3 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by
RICARDO A. GARCIA (Attorney for Plaintiff or Plaintiff),
whose address is 820 SOUTH MAIN McALLEN, TX  78501
on the 18th day of DECEMBER , A.D. 2003, in this case numbered 2003-CCL-01482-C
on the docket of said court, and styled,

GLORIA D. TREVINO
vs.
SU CLINICA FAMILIAR AKA SU CLINICA FAMILIAR MED

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's      ORIGINAL PETITION

accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 22nd day of DECEMBER , A.D. 2003.

JOE G. RIVERA , County Clerk
Cameron County
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By: _Lucila Cardenas_ , Deputy
LUCILA CARDENAS

---

R E T U R N   O F   O F F I C E R

Came to hand the 26 day of Jan , 04 , at 5:00 o'clock P .M., and executed (not executed) on the 19 day of Feb , 04 , by delivering to Yvette C. Gonzales
in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the Original petition
_____.

Cause of failure to execute this citation is: _____.

FEES serving 1 copy
Sheriff/Constable Cameron County, Texas
Total _____, Deputy
Fees ■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.

SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY
A. Signature

Citation for Personal Service  - GENERAL

No. 2003-CCL-01482-C

FILED FOR RECORD
AT ___ O'CLOCK ___ M
Lit. Seq. # 5.002.01

MAR 19 2004

JOE G. RIVERA
CAMERON COUNTY CLERK
_____ Deputy

# T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: SU CLINICA FAMILIAR AKA SU CLINICA FAMILIAR MEDICAL
AKA SU CLINCA FAMILIAR MEDICAL FOUNDATION
BY SERVING ITS REGISTERED AGENT:ELENA MARIN
4501 SOUTH EXPRESSWAY 83
HARLINGEN, TEXAS 78550

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the Plaintiff's ORIGINAL PETITION

at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court At Law No. 3 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by RICARDO A. GARCIA (Attorney for Plaintiff or Plaintiff), whose address is 820 SOUTH MAIN McALLEN, TX  78501 on the 18th day of DECEMBER , A.D. 2003, in this case numbered 2003-CCL-01482-C on the docket of said court, and styled,

GLORIA D. TREVINO
vs.
SU CLINICA FAMILIAR AKA SU CLINICA FAMILIAR MED

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL PETITION

accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 22nd day of DECEMBER , A.D. 2003.

JOE G. RIVERA , County Clerk
Cameron County
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By: _Lucila Cardena_ , Deputy
LUCILA CARDENAS

---

# R E T U R N   O F   O F F I C E R

Came to hand the 26 day of Jan , 04 , at 5:00 o'clock P .M., and executed (not executed) on the 19 day of Feb , 04 , by delivering to Christopher Amaya in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the Original petition

Cause of failure to execute this citation is: _____

FEES serving 1 copy _____

Sheriff/Constable Cameron County, Texas

To _____ , Deputy

SENDER: COMPLETE THIS SECTION
■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.

COMPLETE THIS SECTION ON DELIVERY
A. Signature
☐ Agent

# CIVIL DOCKET

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| GLORIA D. TREVINO<br><br>vs<br><br>SU CLINICA FAMILIAR AKA SU CLINICA FAMILIAR MED | (00398901) RICARDO A. GARCIA | (02)<br><br>SUIT ON DAMAGES |

| DATE OF ORDERS | COURT'S DOCKETS | PAPERS FILED - (C |
|---|---|---|
|  |  |  |

**CAUSE NO. 2003-CCL-1482-C**

| | | |
|---|---|---|
| **Gloria D. Trevino** | § | |
| | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | AT LAW NO. 3 |
| v. | § | |
| | § | |
| **Su Clinica Familiar A/K/A Su Clinica** | § | CAMERON COUNTY, TEXAS |
| **Familiar Medical Foundation, and** | § | |
| **Maria Juana Pena** | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

<u>**NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL**</u>

Please take notice that on July 23, 2004, the Defendants, Su Clinica Familiar and Maria Juana Pena, by and through Assistant United States Attorney, John A. Smith III, filed in the United States District Court, Southern District of Texas, Brownsville Division, a Notice of Removal. A copy of the Notice of Removal is attached to this pleading pursuant to the requirements of 28 U.S.C. §1446(d).

In accordance with 28 U.S.C. §1446(d), the filing of a copy of the Notice of Removal with the Office of the Clerk for the County Court of Cameron County, Texas, properly effects the removal and the state court shall proceed no further unless the case is remanded.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

By: _____
JOHN A. SMITH III

Assistant United States Attorney
Attorney in Charge for Defendants
Texas Bar Number: 18627450
Federal ID No. 8638
800 N. Shoreline Blvd., Suite 500
Corpus Christi, TX 78401
Phone: (361) 888-3111
Fax: (361) 888-3200

## CERTIFICATE OF SERVICE

I, John a. Smith III, do hereby certify that a true and correct copy of the foregoing  pleading

was sent via first class mail, on the 23th day of July, 2004, to the following:

Ricardo Garcia
820 South Main
McAllen, TX. 78501
**Attorney for Plaintiff**

JOHN A. SMITH III
ASSISTANT UNITED STATES ATTORNEY