United States District Court
Southern District of Texas
FILED

JUL 26 2004

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Gloria D. Trevino | § | |
| | § | |
| Plaintiff | § | |
| | § | B-04- 128 |
| v. | § | CIVIL ACTION NO. ____ |
| | § | |
| Su Clinica Familiar A/K/A Su Clinica Familiar Medical Foundation, and Maria Juana Pena | § | |
| | § | |
| Defendants. | § | |

### UNOPPOSED MOTION FOR SUBSTITUTION

The United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233, moves that an Order be entered substituting the United States as a defendant in the above-captioned civil action in place of named defendants, Su Cinica Familiar and Maria Juana Pena. The grounds for this substitution are:

1. The plaintiff avers pain and suffering and medical malpractice and seeks damages resulting from allegedly negligent or wrongful acts or omissions allegedly committed by Maria Juana Pena and Su Clinica Familiar.

2. The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 § 5, Pub. L. No. 100-694, 102 Stat. 4563 (1988) provides that a suit against the United States Shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679(b)(1).

The state law torts alleged in the plaintiff's Original Complaint fall within this provision.

3. Title 42 U.S. C. §§ 233 (a) and (c) specifically extend the Federal Tort Claims Act provisions of exclusive remedy, employee immunity and the procedures for removal and substitution of the United States in claims for damages resulting from the negligent or wrongful acts or omissions of employees of the Public Health Service taken within the scope of their office or employment. Section 233 (g) provides that certain public health entities receiving federal grants and their employees, are employees of the United States for purposes of the FTCA.

4. 28 U.S.C. § 2679(d)(2) provides that upon certification by the Attorney General that a federal employee was acting within the scope of their office or employment at the time of the incident out of which a state law claim arises, any civil action arising out of the incident <u>shall</u> be deemed an action brought against the United States, and the United States <u>shall</u> be substituted as sole defendant with respect to those claims. The Attorney General has delegated certification authority to the United States Attorneys. 28 C.F.R. § 15.3

5. Su Clinica Familiar was deemed by the Department of Health and Human Services, pursuant to 42 U.S.C. § 233(h), eligible for coverage under the Federal Tort Claims Act effective June 30, 1993. <u>See</u> defendants' exhibit 1 attached hereto.

6. Michael T. Shelby, United States Attorney for the Southern District of Texas, has certified that Maria Juana Pena, was acting within the scope of her employment at the time of certain incidents alleged in the complaint which occurred after June 23, 1996, and that pursuant to 42 U.S.C. § 233(g), Maria Juana Pena is deemed to be an employee of the United States for Federal Tort Claims Act purposes. <u>See</u> defendants' exhibit 2 attached hereto.

7. John A. Smith III, AUSA representing the United States of America, has conferred with plaintiff's attorney, Ricardo Garcia, regarding the substitution of the United States and plaintiff is

not opposed to said substitution.

      8. Accordingly, defendant Maria Juana Pena, is an employee of Su Clinica Familiar and is a federal employee acting within the scope of her employment and Su Cinica Familiar and Maria Juana Pena must be dismissed and the United States substituted, therefore.

                      Respectfully Submitted,

                      MICHAEL T. SHELBY
                      United States Attorney

                      _____
                      JOHN A. SMITH III
                      Assistant United States Attorney
                      Texas Bar Number: 18627450
                      Federal ID No. 8638
                      Attorney in Charge for Defendants
                      800 N. Shoreline Blvd., Suite 500
                      Corpus Christi, TX 78401
                      Phone: (361) 888-3111
                      Fax: (361) 888-3200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Gloria D. Trevino | § § § § | B-04- 128 |
| Plaintiff | § § | |
| v. | § | CIVIL ACTION NO. _____ |
| Su Clinica Familiar A/K/A Su Clinica Familiar Medical Foundation, and Maria Juana Pena | § § § § § | |
| Defendants. | § § § | |

**CERTIFICATION OF SCOPE OF EMPLOYMENT**

Pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(1), and by virtue of the authority vested in me by 28 C.F.R. § 15.3, I hereby certify:

I have read the complaint filed in this action. Based on the information now available with respect to the acts or omissions which gave rise to Plaintiffs' Complaint, Su Clinica Familiar was an entity deemed by the Department of Health and Human Services, pursuant to 42 U.S.C. § 233(g), eligible for coverage under the Federal Tort Claims Act effective June 30, 1993.

Accordingly, I certify that Su Clinica Familiar was acting within the scope of its authority as an agency of the United States at the time of the incidents alleged in the plaintiff's Complaint. Pursuant to 42 U.S.C. § 233(g) Su Clinica Familiar is deemed to be an agency of the United States

for Federal Tort Claims Act purposes.

Dated: 22 July 2004

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Gloria Trevino, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| Su Clinica Familiar a/k/a ) | |
| Su Clinica Familiar Medical Foundation, ) | |
| and Maria Juana Pena, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

DECLARATION OF
BEVERLY R. DART

1. I am an Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department's Program Support Center has a Claims Branch that maintains in a computerized database a record of all administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if a tort claim had been filed with the Department with respect to Su Clinica Familiar a record of that filing would be maintained in the Claims Branch's database.

- 2 -

4. I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Gloria Trevino or an authorized representative relating to Su Clinica Familiar or Maria J. Pena, L.V.N.

5. I have also reviewed official agency records and determined that Su Clinica Familiar was first deemed eligible for Federal Tort Claims Act malpractice coverage effective June 30, 1993, and that its deemed status has continued without interruption since that date. Copies of the notifications by an Assistant Surgeon General, Department of Health and Human Services, to Su Clinica Familiar are attached to this declaration as Exhibit 1.

6. Official agency records also indicate that Maria J. Pena, L.V.N., was an employee of Su Clinica Familiar at all times relevant to the complaint in this case.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 22nd day of July, 2004.

BEVERLY R. DART
Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

# DEEMING LETTER

BUREAU OF PRIMARY HEALTH CARE
DEPARTMENT OF HEALTH AND HUMAN SERVICES

Mr. Francisco G. Gonzalez
Executive Director
Su Clinica Familiar Health Services
4501 South Expressway 83
Harlingen, Texas 78550

Dear Mr. Gonzalez:

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as added by the Federally Supported Health Centers Assistance Act of 1992 (P.L. 102-501), deems the above named entity to be an employee of the Federal Government for the purposes of Section 224. Under Section 224(a), the remedy against the United States provided under the Federal Tort Claims Act (FTCA) for medical and related functions performed by commissioned officers or employees of the PHS while acting within the scope of office or employment, shall be exclusive of any other civil action or proceeding. P.L. 102-501 extends this "FTCA coverage" to the grantees that have been deemed covered under Section 224(h) and certain of their officers, employees, and contractors, as specified below.

This action is based on the asurances provided on June 3, 1993, with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice, (2) implementation of a system whereby professional credentials, references, claims history, fitness, professional review organization findings, and licensure status of its health professionals are reviewed and verified, (3) cooperation with the Department of Justice (DOJ) in the defense of claims (including access to all pertinent documents and patient information and records) and actions to assure against claims in the future, and (4) cooperation with the DOJ in providing information related to previous malpractice claims history.

All officers, employees, and full-time contractors (minimum 32.5 hours per week) of this grantee who are physicians or other licensed or certified health care practitioners and who are providing services under the scope of activities covered by the project funded through its Section 329 (migrant health centers), Section 330 (community health centers), Section 340 (health services for the homeless), or Section 340A (health services for residents of public housing) grant(s) are also deemed to be employees of the Federal Government for the purposes of Section 224, as are part-time contractors who are licensed or certified providers of

FILE COPY

| OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE | OFFICE | SURNAME | DATE |
|---|---|---|---|---|---|---|---|---|
| ACMH | STJuan | 6/3 | | | | | | |
| DCMH | Johns | 6/3 | | | | | | |

Page 2 - Mr. Francisco G. Gonzalez

obstetrical services and whose individual medical malpractice liability insurance coverage does not extend to services performed for this grantee. Subrecipients listed as eligible for FTCA coverage by the grantee, will be deemed eligible only for carrying out those grant-related activities designated as being within the scope of their contract.

Accordingly, the Attorney General, through the DOJ, has the responsibility for the defense of the individual and/or grantee for malpractice claims approved for FTCA coverage. Please note that the applicability of the Act to a particular claim or case will depend upon the determination or certification, as appropriate, by the Attorney General that the individual or grantee is covered by the Act and was acting within the scope of employment. Such determination or certification is subject to judicial review. If the claim is subject to FTCA coverage, it must be reviewed initially by the PHS through an administrative claims process. Your cooperation in the handling of the claim (including providing the relevant medical records) will be necessary.

Section 224 is further amended by providing that hospital admitting privileges can not be denied if a covered health professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. These individuals are thus afforded the same treatment as members of the National Health Service Corps with respect to hospital admitting privileges. Hospitals that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

The BPHC will be evaluating the implications of FTCA coverage for the payment of malpractice insurance costs under the terms of your grant. As a general rule, BPHC would not allow further charges to the grant for malpractice insurance for services subject to FTCA coverage. However, BPHC recognizes that some insurable risks will remain after the effective date of eligibility for FTCA coverage, including risks covered by malpractice insurance for non-covered providers. These remaining risks may require the purchase of private insurance by the grantee. Furthermore, it is expected that grantees will purchase "tail" insurance coverage for current providers with claims made instead of occurrences policies. Consequently, a grantee that has been deemed eligible for FTCA coverage <u>should not</u> cancel its current private malpractice insurance policies until these "gap" coverage requirements have been identified and policies secured.

The BPHC will consider allowing the grantee to continue to purchase its current malpractice insurance where the grantee can demonstrate that: (1) this is necessary to maintain the current scope of services and patient care activities and (2) the cost of such insurance is less than the cost of the insurable risks that remain after FTCA coverage is in effect, i.e., gap coverage.

Furthermore, BPHC will examine your request for charging to your grant the cost of "tail" insurance, if your previous malpractice coverage was for claims made, rather

Page 3 - Mr. Francisco G. Gonzalez

than occurrences. Here too, we will consider the extent to which the cost of tail insurance exceeds the cost of the present malpractice insurance, in deciding which form of insurance will be an allowable expense under the grant.

The effective date of eligibility for FTCA malpractice coverage is June 30, 1993. FTCA coverage is only applicable to acts or omissions occurring after this effective date and before January 1, 1996, for the scope of activities covered by the grant funded project.

For further information please contact Dr. Fred Pintz, Region VI FTCA Coordinator, at (214) 767-6547.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

cc: GMO Region V, GMO BPHC, DOJ



**DEPARTMENT OF HEALTH & HUMAN SERVICES**　　　　　　　　　　Public Health Service
BUREAU OF PRIMARY HEALTH CARE

June 20, 1996

Health Resources and
Services Administration
Bethesda MD 20814

Dr. Elena Marin
Executive Director
Su Clinic Familiar
4501 South Expressway 83
Harlingen, Texas 78550

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an employee of the Federal Government, effective June 23, 1996, for the purposes of Section 224. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding.
This "FTCA coverage" is applicable to deemed entities and their including officers, governing board members, employees, and contractors who are physicians or other licensed or certified health care practitioners working full-time (minimum 32.5 hours per week) or part-time providing family practice, general internal medicine, general pediatrics, or obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of having malpractice coverage under the FTCA, if a covered health care professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA as meeting whatever malpractice insurance coverage requirements such plans may require of contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would, as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact Lana Jeng, M.D., Regional FTCA Coordinator, HRSA Field Office, Dallas, Texas at (214) 767-3942.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

## Declaration of Maria Juana Pena, L.V.N.

1. I, Maria Juana Pena, Licensed Vocational Nurse, am licensed to practice in the State of Texas.

2. I have been employed by Su Clinica Familiar since September 16, 1976.

3. I have not billed privately for the services provided to Gloria Trevino.

4. I have not received monetary compensation for the services provided to Gloria Trevino from any source other than the regular compensation I have received from Su Clinica Familiar.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this __13__ day of __August__, 2003.

_Maria Juana Pena Lvn._
Maria Juana Pena, L.V.N.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **Gloria D. Trevino** | § § § § | |
| Plaintiff | § § | **B-04- 128** |
| v. | § § | CIVIL ACTION NO. ____ |
| Su Clinica Familiar A/K/A Su Clinica Familiar Medical Foundation, and Maria Juana Pena | § § § § § | |
| Defendants. | § § | |

### CERTIFICATION OF SCOPE OF EMPLOYMENT

Pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(1), and by virtue of the authority vested in me by 28 C.F.R. § 15.3, I hereby certify:

I have read the complaint filed in this action. Based on the information now available with respect to the acts or omissions which gave rise to Plaintiffs' Complaint, Maria Juana Pena, was acting within the scope of her employment as an employee of the United States of America at the time of such acts or omissions.

Specifically, based on the information now available with respect to the acts or omissions which gave rise to Plaintiffs' Complaint, Maria Juana Pena was employed by Su Clinica Familiar as a licensed vocational nurse, See Declaration of Beverly Dart. I further find that Su Clinica Familiar was deemed eligible for coverage under the Federal Tort Claims Act effective June 30, 1993 and that status has continued without interruption since that date.



Accordingly, I certify that Maria Juana Pena was acting within the scope of her employment at the time of the incidents alleged in the plaintiff's Complaint. Pursuant to 42 U.S.C. § 233(g) she is deemed to be an employee of the United States for Federal Tort Claims Act purposes.

Dated: 22 July 2004

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas